WM 19-279 AB
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
EUGENIA CONGEMI,

                     Plaintiff,

     -against-

WAL-MART STORES EAST, LP.

                     Defendants.
------------------------------------------------------------X

Docket No.: 19CV08220

## CONFIDENTIALITY AND PROTECTIVE ORDER

WHEREAS, the parties in the above-captioned action are engaging in discovery proceeding pursuant to the Federal Rules and whereas Federal Rules provide for the limitation of disclosure in appropriate circumstances, and

     a)     This Order governs the handling of internal Wal-Mart documents, HIPAA protected medical information, and other items produced in this action

     b)     Either party may, in good faith, designate as confidential all of its internal documents as containing confidential, trade secret, proprietary information and/or HIPAA protected information and may, in good faith, designate as confidential all or part of any deposition testimony, trial testimony, discovery responses and/or documents, of any kind or description as containing confidential, trade secret, proprietary information or HIPAA protected information ("Confidential Matter"), which may be done by any means or designation, marking or identification that the testimony, response or document contains Confidential Matter. Such Confidential Matter shall only be shown or disclosed in accordance with the terms and conditions set forth herein below.

c)  Confidential Matter may be utilized solely in accordance with the provisions of this Order and, other than as provided herein, such Confidential Matter, including any excerpts therefrom or summaries thereof, will not be disclosed to any person other than the parties, officers and directors, counsel for the parties (including in-house counsel, referring attorneys, consulting attorneys and paralegal and other support personnel employed by any counsel), experts and consultants retained by any party, appropriate employees and/or witnesses of the parties, and the Court and its personnel. Confidential Matter as defined herein shall not be utilized in connection with any matter other than the investigation, prosecution or defense of the captioned matter. Nothing herein shall impose any restrictions on any party's use of its own Confidential Matter.

d)  The parties acknowledge that in the event Confidential Matter is to be filed with the Court in connection with any motion or other proceeding, or is offered as evidence at any trial or at any hearing on any motion in the referenced action, any party may request that the Court and jury receive such Confidential Matter under seal.

e)  The use of Confidential Matter produced pursuant to this Order is limited to discussions and all matters relating to discovery, trial preparation, litigation, trial and/or settlement of the captioned action. Confidential Matter disclosed pursuant to this Order shall not be utilized for any other purpose, or in any other manner, or disclosed to any other person or entity without the written consent of counsel for the parties hereto. Confidential Matter disclosed pursuant to this Order may be used by the parties hereto for all stages of the current litigation including, but not limited to, discovery, trial, appeal and enforcement proceedings, if any.

f)  All Confidential Matter disclosed hereunder shall be retained in the exclusive possession and control of counsel in such a manner as to preserve its confidential nature, except

that Confidential Matter may be reviewed by persons expressly agreed upon under paragraph "c" hereof. If any party wants to have any Confidential Matter reviewed by any person other than those persons, it may do so only upon the conditions designated herein and only if such persons have been advised of the terms of this Order and have agreed to be bound by same by execution of the annexed Agreement To Be Bound. Such persons shall return all Confidential Matter, and copies or extracts thereof provided by counsel or prepared by them, to said counsel upon completion of their review or analysis of said matter.

g) Counsel shall be responsible for maintaining a list of all persons to whom any Confidential Matter is or has been disclosed pursuant to paragraph "f". Each party to this Confidentiality Order reserves the right, upon good cause shown, to seek disclosure of the list upon application to the Court.

h) In the event that any questions or line of questions are asked at a deposition that a party asserts calls for the disclosure of confidential information or documents, counsel for the disclosing party shall, either at the deposition or within 20 days after receipt of the transcript thereof by said counsel, notify counsel for the other party, on the record or in writing, that the information provided in such answer or documents is Confidential Matter. Those portions of a deposition transcript that are designated as Confidential Matter shall be stamped Confidential Matter. Deposition transcripts shall be treated as Confidential Matter by the parties hereto until 20 days after receipt thereof by counsel for the disclosing party unless otherwise agreed to by the disclosing party.

i) The production of date or documents pursuant to this Stipulation and Order does not constitute an admission that such data or documents are relevant or material to any present or future claims nor is either party or their counsel waiving any claims as to privilege, compatibility,

burdensomeness, relevancy or materiality of such data.

j)   No party concedes that any material designated by the other party as Confidential Matter does, in fact, contain or reflect confidential information (although such designation shall subject the party receiving the information to the obligations set forth herein except as set forth below). If a party desires non-confidential treatment for materials or information designated as Confidential Matter, it shall send or give notice to the designating party, and the parties shall attempt to resolve any dispute in good faith on an expedited and informal basis.

k)   If a dispute as described above cannot be expeditiously and informally resolved, the party seeking non-confidential treatment may seek an Order from the Court that specified materials are not entitled to be treated as confidential. The Confidential Matter in dispute shall continue to be treated as confidential until the Court orders otherwise.

l)   Any party to this action may at any time apply to the Court for relief from any provisions of this Order.

March 30, 2020

SOBO & SOBO, LLP
Attorneys for Plaintiff
One Dolson Avenue
Middletown, New York 10940
(845) 343-0466

BRODY, O'CONNOR & O'CONNOR, ESQS
Attorneys for Defendant
7 Bayview Avenue
Northport, New York 11768
(631) 261-7778

SO ORDERED: _____

Dated May 12, 2020